## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**JERMAINE MASON.** | No. 2:17-cr-191 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on a motion by Defendant Jermaine Mason ("Defendant") for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic. ECF No. 21. Defendant initially filed his motion *pro se*. ECF No. 19. Appointed counsel then filed a more formal motion on his behalf. ECF Nos. 21, 22. The Court did not Order the Government to respond. For the reasons stated below, Defendant's motion is **DENIED**.

### I.    BACKGROUND

On May 23, 2017, Defendant pleaded guilty to an Information charging him with five counts of bank robbery, in violation of 18 U.S.C. § 2113. ECF Nos. 12, 14. On November 28, 2017, this Court sentenced Defendant to 65 months of imprisonment on each of Counts 1 through 5, with all such terms to run concurrent, followed by three years of supervised released. ECF Nos. 17, 18. Defendant is currently incarcerated at FCI Schuylkill. ECF No. 19. His projected release date, as calculated by the Bureau of Prisons ("BOP"), is July 10, 2022. Def. Br. at 2, ECF No. 22.

### II.   DISCUSSION

Defendant argues that he suffers from asthma and requires an inhaler, and that this medical condition constitutes an "extraordinary and compelling reason" justifying compassionate release and a reduction of his sentence. The CDC has identified moderate to severe asthma as a possible risk factor for severe illness from Covid-19.[1]

Under 18 U.S.C. § 3582(c)(1)(A), a court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In light of the Covid-

---

[1] The CDC's guidance concerning adults with certain medical conditions is available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

1

19 pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020); *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *3 (D.N.J. Aug. 26, 2020) (quoting *Moore*).

As a threshold matter, the Court may hear Defendant's request for compassionate release because he has exhausted the administrative remedies available within the BOP. 18 U.S.C. § 3582(c); *see* Def. Br. at 2, ECF No. 22; Ex. A, ECF No. 21-1.

As to the merits of the motion, the Court is sympathetic to Defendant's health concerns, but finds he has failed to demonstrate "extraordinary and compelling reasons" justifying his release. First, even if an asthma diagnosis could rise to the level of an "extraordinary and compelling reason" under the statute, Defendant presents no evidence that he is diagnosed with or suffers from such a condition. To the contrary, a letter from the warden of Defendant's facility denying Defendant's request for an inhaler explains that based on a review of his medical file, Defendant was evaluated by his primary care provider on May 7, 2020, and "presented no clinical findings to support an asthma diagnosis, nor be prescribed an inhaler." Ex. B, ECF No. 21-2 at 3. Second, FCI Schuylkill has zero confirmed active cases of Covid-19 among inmates, but three confirmed active cases among staff at the time of this writing, suggesting the facility has been able to successfully prevent the spread of the virus among the inmate population.[2]

For these reasons, Defendant's concerns about his unconfirmed asthma diagnosis simply cannot rise to the level of "extraordinary and compelling reasons" warranting his immediate release and a reduction of his sentence. The Court will deny the motion.

### III. CONCLUSION

Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

**Date: November 5, 2020**

---

[2] The number of confirmed Covid-19 cases among inmates and staff at each BOP-managed facility is updated daily on the BOP website, https://www.bop.gov/coronavirus/.

2