# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,** <br><br> v. <br><br> **JERMAINE MASON.** | No. 2:17-cr-191 (WJM) <br><br> **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court by way of letter filed March 22, 2021, by *pro se* Defendant Jermaine Mason ("Defendant") arguing that the warden at his facility misrepresented his medical conditions, upon which the Court then relied in denying his motion for compassionate release and a reduction in sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF No. 28. The Court will liberally construe Defendant's letter as an informal application for reconsideration of the November 5, 2020 Opinion and Order. The Court did not Order the Government to respond. For the reasons set forth below, Defendant's application is **DENIED**.

### I.   BACKGROUND

Defendant is a forty-three-year-old inmate at FCI Schuylkill in Schuylkill, Pennsylvania, where he is serving a sixty-five-month sentence on five counts of bank robbery, in violation of 18 U.S.C. § 2113(a). ECF Nos. 12, 18. His projected full-term release date, as calculated by the Bureau of Prisons ("BOP"), is July 10, 2022, after which he will serve a three-year term of supervised release. ECF No. 22 at 2; ECF No. 18.

In October of 2020, after exhausting his administrative remedies with the BOP, Defendant moved for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that his asthma and need for an inhaler place him at risk of suffering a severe case of Covid-19 should he contract it. ECF No. 22 at 3. By way of Opinion and Order dated November 5, 2020, the Court denied the motion, finding Defendant failed to establish "extraordinary and compelling" reasons justifying his release. Op. at 2, ECF No. 23. Defendant did not present evidence (in the form of, for example, medical records) of an asthma diagnosis or that he was being treated for the condition.[1] *Id.* To the contrary, the evidence that Defendant did provide was a letter from the warden denying Defendant's request for an inhaler and explaining that based on a review of his medical file, Defendant was evaluated by his primary care provider on May 7, 2020, and

---

[1] It appears Defendant made efforts to obtain his medical records from FCI Schuylkill in May of 2020 before he filed any motion for compassionate release, only for the facility's staff to instruct him to file a Freedom of Information Act ("FOIA") request to obtain his records. ECF No. 29.

1

"presented no clinical findings to support an asthma diagnosis, nor be prescribed an inhaler." *Id.*; Ex. B, ECF No. 21-2 at 3.

One month later, by way of letter dated December 8, 2020, Defendant advised the Court he tested positive for Covid-19 and disputed the warden's contention about his asthma diagnosis. ECF No. 25. On March 22, 2021, Defendant filed a second letter which again contests the warden's statement that he is not diagnosed with asthma and does not require an inhaler. ECF No. 28. Defendant attached his medical records that the BOP appears to have provided to him only recently, and that were not previously presented to the Court with his initial motion for compassionate release. ECF No. 29. In this regard, the Court will liberally construe Defendant's letter as an informal application for reconsideration and will address his new evidence below. *See United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010) ("We have long held that courts must liberally construe *pro se* filings with an eye toward their substance rather than their form.").

## II.    ANALYSIS

"The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir.2010)). To prevail, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its Order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex. rel. Lou–Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also United States v. Mayfield*, No. 07-801 (RMB), 2020 WL 3604090, at *2 (D.N.J. July 2, 2020) (applying this standard to a criminal defendant's motion for reconsideration of the Court's Opinion and Order denying compassionate release). A motion that "merely raises a disagreement with the Court's initial decision" or raises new arguments that the movant could have addressed in the original submission is not an appropriate reconsideration motion. *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008).

Here, Defendant's newly available medical records—which include only a clinical encounter summary dated January 19, 2018; a clinical encounter summary dated December 21, 2018; and a medication summary for the period of January 8, 2019, through January 8, 2020—indeed reveal that Defendant has suffered from asthma and had an active prescription for an inhaler through 2018 and 2019. ECF No. 29. According to the clinical encounter summary from December 21, 2018, Defendant "only uses [an] inhaler when 'it gets dusty and really cold.'" *Id.* His medical records further indicate that the inhaler was not prescribed for daily use, but to be used as needed to prevent or relieve an asthma attack. *Id.* In May of 2020, Defendant's inhaler prescription was not renewed. ECF No. 21-2. When Defendant made an administrative request for a new prescription, the warden responded that Defendant was evaluated by his primary care provider on May 7, 2020, and "presented no clinical findings to support an asthma diagnosis, nor be prescribed an inhaler." Ex. B, ECF No. 21-2 at 3.

The new evidence Defendant provides does not alter the Court's original determination that compassionate release is not warranted here. First, Defendant tested positive for the virus in December of 2020 and, presumably, has since recovered. The Centers for Disease Control and Prevention ("CDC") continues to study the likelihood, frequency, and severity of reinfection, but states that while "cases of reinfection with Covid-19 have been reported," they remain "rare." CDC, *Reinfection with Covid-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed Mar. 25, 2021); *see United States v. St. Vallier*, No. 07-613 (SDW), 2021 WL 689118, at *4 (D.N.J. Feb. 23, 2021). Additionally, there is hope that infection rates will decrease as the BOP continues to vaccinate both inmates and staff at its facilities. *See generally*, BOP, *Covid-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last accessed Mar. 25, 2021).

Second, the Court in no way intends to minimize Defendant's health concerns, but he has not established that his asthma, whether currently active or in remission, constitutes an "extraordinary and compelling" reason justifying his release. Courts in this District have denied compassionate release to inmates suffering from asthma and/or other health issues, despite the risk of Covid-19, for lack of "extraordinary and compelling" reasons. *See United States v. Muhammad*, No. 14-502 (SDW), 2021 WL 568076, at *2 (D.N.J. Feb. 16, 2021) (collecting cases). Accordingly, absent a finding of "extraordinary and compelling" reasons in Defendant's case, the Court will decline to reverse its November 5, 2020 Opinion and Order denying his motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), and will deny his motion for reconsideration.[2]

### III.   CONCLUSION

For the reasons stated above, Defendant's motion for reconsideration, ECF No. 29, is **DENIED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

**Date: March 29, 2021**

---

[2] In the absence of "extraordinary and compelling" reasons, the Court need not undertake an analysis of the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. McNair*, 481 F. Supp. 3d 362, 370 (D.N.J. 2020); *St. Vallier*, 2021 WL 689118, at *5.