# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,** | No. 2:17-cr-191 (WJM) |
| v. | **OPINION** |
| **JERMAINE MASON.** | |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter is before the Court upon *pro se* Defendant Jermaine Mason's ("Defendant") renewed application for compassionate release and a reduction in sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), based on his family circumstances. ECF No. 32. Defendant requests he be released and his sentence be reduced so that he may be present for his seventeen-year-old son while his son's mother recovers in the hospital from Covid-19 complications. *Id.*; ECF No. 26 at 1. Because Defendant proceeds *pro se* on his application, the Court construes his submissions liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Due to the brevity of his application, however, the Court did not Order the Government to respond. For the reasons explained below, Defendant's application is **DENIED**.

## I. BACKGROUND

Defendant is a forty-four-year-old inmate at Federal Correctional Institution Schuylkill ("FCI Schuylkill") in Minersville, Pennsylvania. On May 23, 2017, Defendant pleaded guilty before the Court to an Information charging him with five counts of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a). ECF No. 12. On November 28, 2017, the Court sentenced Defendant to sixty-five months of imprisonment to be followed by three years of supervised released. ECF No. 18. The sentence fell within the recommended federal sentencing guidelines range of fifty-seven to seventy-one months of imprisonment based on Defendant's offense level and criminal history. He is projected to be released in one year, on July 10, 2022. ECF No. 22 at 2.

## II. DEFENDANT'S INITIAL AND RENEWED APPLICATIONS FOR COMPASSIONATE RELEASE

Defendant filed his initial application for compassionate release based on his family circumstances on March 4, 2021. ECF No. 26. In that submission, Defendant stated that his son's mother had been hospitalized with Covid-19 and was on a ventilator in the intensive care unit ("ICU") at Beth Israel Hospital in Newark, New Jersey. ECF No. 26 at

1

1. Defendant did not identify his son's age but stated that his son was home alone and that he had limited opportunities to call and check on him due to Covid-19 protocol at FCI Schuylkill. *Id.* Defendant later provided the Court with a letter dated February 26, 2021, from Newark Beth Israel Medical Center confirming that his son's mother was admitted to the facility's ICU for care and treatment. Without addressing the merits, the Court denied Defendant's application on March 16, 2021 based on his failure to first exhaust the administrative remedies available within the Bureau of Prisons ("BOP"), as required under 18 U.S.C. § 3582(c)(1)(A). Order, ECF No. 31. The denial was without prejudice to Defendant's right to refile his application after satisfying the exhaustion requirement. *Id.* at 2.

On March 18, 2021, Defendant submitted an administrative request for compassionate release based on his family circumstances to the Warden at FCI Schuylkill. ECF No. 32 at 2-3. The Warden denied the request on April 9, 2021 based on Defendant's failure to provide BOP with proof that his son's mother was terminally ill or incapacitated; that she was the only available caregiver for their son; that he was the father of their son; and that his housing situation and financial means were secure enough that he could care for their son immediately upon his release.[1] *Id.*

Following the Warden's denial, Defendant filed the present renewed application for compassionate release on May 26, 2021. ECF No. 32. In this submission, the Court learns that his son is seventeen years old and that his son's mother remains in the hospital and must learn how to walk again. ECF No. 32 at 1-2. Defendant states that upon his release, he will live with his girlfriend in Newark, New Jersey, and will apply for a job at Beth Israel hospital through a work program designed for former inmates. *Id.* at 1.

### III. DISCUSSION

Under the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; (2) compelling and extraordinary reasons exist to justify such release; and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of release. 18 U.S.C. § 3582(c)(1)(A).

---

[1] As one District Court in this Circuit has noted, "[w]hen the BOP considers compassionate release requests on these grounds, it goes to great lengths to evaluate a defendant's ability to provide care." *United States v. Dawkins*, No. 08-412, 2021 WL 1946662, at *3, n.7 (W.D. Pa. May 14, 2021). The BOP Program Statement No. 5050.50 to which the Warden cites in his denial letter provides general guidance on how the BOP should assess an inmate's request for release to care for his or her child. BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) ("BOP Program Statement 5050.50"), at 7 (Jan. 17, 2019), *available at* https://www.bop.gov/policy/progstat/5050_050_EN.pdf. "The 'best interest of the child' is a principal consideration." *Dawkins*, 2021 WL 1946662, at *3, n.7. As a result, the BOP's review process is rigorous and requires a defendant to provide a "robust record" of information and documentation on his or her family circumstances. *Id.*; *see* BOP Program Statement 5050.50 at 7-9.

## A. Exhaustion of Administrative Remedies

Defendant filed the present application after submitting an administrative request for compassionate release to the Warden and receiving a formal denial of that request. ECF No. 32 at 2-3. Defendant has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A) and his renewed application for compassionate release is properly before the Court for consideration on the merits. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

## B. Whether Compelling and Extraordinary Reasons Exist

The United States Sentencing Commission's Policy Statement addressing the reduction of a defendant's sentence, which provides useful guidance for the Court in assessing the Defendant's eligibility for compassionate release, enumerates several non-exhaustive considerations that may support a finding of "compelling and extraordinary" reasons sufficient to warrant such reduction, including, as relevant here, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, Application Note 1(C)(i).

Even construing his application liberally, Defendant fails to provide critical information and corroborating evidence from which the Court can conclude compelling and extraordinary reasons exist to justify his release. For instance, Defendant's son is seventeen years old and is still considered a minor. But Defendant has not offered any details as to where his son has been living throughout this time, with whom he has been living, and whether he will be able to live with Defendant at Defendant's girlfriend's address if Defendant is released.[2] Indeed, Defendant has presented no information about his son's daily life or need for care during this time.

As for his son's mother, Defendant has described the incredibly serious and challenging state of her health. She allegedly suffered such severe and debilitating

---

[2] The Court notes that some District Courts in this Circuit read the Policy Statement as requiring a defendant to show that he or she is the *only* available caregiver for his or her child(ren), while other District Courts in this Circuit decline to read the Policy Statement in this way, instead finding that the "only available caregiver" language applies solely to the Policy Statement's subsection addressing "[t]he incapacitation of the defendant's spouse or registered partner." *Compare United States v. Malik Lowery*, No. 12-0298 (ES), 2021 WL 1851903, at *2 (D.N.J. May 7, 2021) (stating that "certain family circumstances exist where the defendant would be the only available caregiver for his or her minor child, spouse, or registered partner"); *United States v. Cruz-Rivera*, No. 11-43, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020) (finding the defendant failed to prove he would be the only available caregiver for his child in the event that his wife was incapacitated); *with Dawkins*, 2021 WL 1946662, at *3, n.6 (W.D. Pa. May 14, 2021) (rejecting the "only available caregiver" requirement as it pertains to the Policy Statement's language on "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children.").

3

symptoms from Covid-19 that she was hospitalized in February of 2021, placed on a ventilator, cared for in the ICU, and must now relearn how to walk. ECF No. 26 at 1; ECF No. 32 at 1. At the time Defendant filed his renewed application for compassionate release at the end of May of 2021, she was allegedly still in the hospital. ECF No. 32 at 1. Other than the single letter from the hospital confirming she was being treated in the ICU in February, however, the Court has no other information or evidence to substantiate Defendant's statements about her health. Thus, for the same reasons the Warden denied Defendant's administrative request for compassionate release, the Court must deny Defendant's present application for failing to adequately demonstrate the existence of extraordinary and compelling reasons justifying his release.

### C. Applicable 18 U.S.C. § 3553(a) Factors

Even if Defendant demonstrated that extraordinary and compelling reasons did exist, the Court may still deny compassionate release if it determines that the reduction in sentence would be inconsistent with the applicable sentencing factors under 18 U.S.C. § 3553(a). *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). The factors the Court considers include but are not limited to: the nature and circumstances of the underlying offense; the history and characteristics of the Defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the Defendant; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a). These factors, which the Court considered at the time of Defendant's sentencing to impose a sentence that was sufficient but not greater than necessary, weigh against a reduction in Defendant's sentence.

Defendant is forty-four years old with a criminal history that includes back-to-back convictions for bank robbery by force or violence. Defendant previously robbed eight banks between July of 2006 and January of 2007. He pleaded guilty to one count of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a), and was sentenced on August 15, 2008, by United States District Judge Joseph E. Irenas to 120 months of imprisonment and three years of supervised release. Defendant was released from custody on January 13, 2016 and in October and November of 2016, while on supervised release, Defendant committed the five bank robberies underlying the present criminal matter. He also failed to report to his United States Probation Officer and absconded from supervised release, such that his whereabouts were unknown. An arrest warrant issued for his probation violations, and Defendant was eventually arrested on February 24, 2017. He has remained in custody and is projected to be released in approximately one year, in July of 2022.

Given the serious nature of Defendant's repeated offenses and his blatant disregard for the terms of his prior supervised release period, a reduction in Defendant's sentence now would undoubtedly undermine the need to promote respect for the law, provide just

4

punishment, afford adequate deterrence, and protect the public from any further crimes by Defendant. The Court can appreciate that Defendant wishes to be present for his son during an incredibly challenging time as his son's mother recovers in the hospital, but Defendant had the opportunity to be present for his son and remain so in January of 2016 when he was released from custody. Defendant squandered that opportunity by proceeding to commit the same offenses for which he had just completed serving a ten-year term of imprisonment. Consequently, the Court finds that a reduction in Defendant's sentence is inconsistent with the 18 U.S.C. § 3553(a) sentencing factors, which do not weigh in favor of his release. The Court will deny his motion.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's application for compassionate release and a reduction in sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), ECF No. 32, is **DENIED**.

An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

**Date: June 17, 2021**